UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARVIN JENNINGS, | CASE NO. 3:25-cv-06094-DGE |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT (DKT. NO. 7) |
| CAPITAL ONE AUTO FINANCE INC., et al., | |
| Defendants. | |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a).  Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP") has submitted a complaint against Defendants Capital One Auto Finance, Inc., Superior Recovery LLC ("Superior"); Michael Ridley[1]; Reserve at Columbia Tech Apartments; and numerous employees at Reserve at Columbia Tech Apartments.  (Dkt. No. 7.)

---

[1] Ridley is alleged to be the "owner" of Superior Recovery LLC.  (Dkt. No. 7 at 3.)

ORDER DISMISSING COMPLAINT (DKT. NO. 7) - 1

Plaintiff alleges that on December 2, 2022, an unmarked tow truck operated by Superior entered his gated community without authorization or invitation. (*Id.* at 3.) Plaintiff's wife attempted to stop the tow operator by standing in front of the vehicle, when the driver "reversed the truck toward her, causing fear of imminent bodily harm." (*Id.*) Plaintiff alleges the tow driver hooked and lifted his vehicle while he was in proximity, causing him to experience immediate fear that he would be struck or injured. (*Id.*) Plaintiff then entered into a six-hour "standoff, trapped in his vehicle as the tow operator continued to operate the lift and create danger." (*Id.* at 4.) According to Plaintiff, Superior lacked a Washington business license, a tow-truck operator registration, tow-operator insurance and bond filing, and Washington authorization to perform repossessions. (*Id.*) Plaintiff alleges Capital One accepted the vehicle, ratified the unlawful conduct, and attempted to collect a deficiency balance. (*Id.* at 5.)

Based on Defendants' actions, Plaintiff alleges that he suffered: loss of his vehicle; lost income and work contracts; hypertension episodes; sleep disturbances; emotional distress, humiliation, and fear; loss of transportation; and reputational harm in his residential community. (*Id.*) Plaintiff brings seven causes of action: (1) breach of peace; (2) negligent hiring, supervision, and retention; (3) trespass to land; (4) trespass to chattels/conversion; (5) assault; (6) negligent infliction of emotional distress; (6) premises liability/failure to abate dangerous condition; and (7) violation of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at 5–8.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] [p]laintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Plaintiff is also proceeding *pro se*. While a *pro se* plaintiff's complaint must be construed liberally, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges Superior, Ridley, and the unnamed truck driver violated the FDCPA by taking his vehicle without a present right to possession, violating 15 U.S.C. § 1692f(6). (Dkt. No. 7 at 7.) To establish a FDCPA claim, "a plaintiff must establish that (1) the plaintiff is a consumer, (2) who was the object of a collection activity arising from a debt, (3) the defendant is a debt collector, and (4) the defendant violated a provision of the FDCPA." *Munoz v. Cal. Bus. Bureau, Inc.*, No. 1:15-cv-01345-BAM, 2016 WL 6517655, at *4 (E.D. Cal. Nov. 1, 2016) (citing *Turner v. Cook*, 362 F.3d 1219, 1227–1228 (9th Cir. 2004)). The purpose of the FDCPA includes, *inter alia,* the elimination of "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due and asserted to be owed or due another. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of any security interests.

ORDER DISMISSING COMPLAINT (DKT. NO. 7) - 3

15 U.S.C. § 1692a(6). Put another way, "you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87 (2017).

Plaintiff's complaint does not contain factual allegations addressing each of these elements of an FDCPA claim. Plaintiff's complaint does not specifically allege that he is a "consumer" or that any of the Defendants meet the definition of a "debt collector" under the FDCPA. Furthermore, Plaintiff fails to identify the debt, or who the debt is owed *to*. To the extent Plaintiff is alleging Superior or Ridley owned the debt, this is not a viable claim. *See Sepehry-Fard v. MB Fin. Servs.*, 2014 WL 122436, at *3 (N.D. Cal. Jan. 13, 2014) ("Defendant is not subject to the FDCPA regarding its alleged efforts to collect on the debt owed to itself regarding the vehicle."); *Ricon v. Recontrust Co.*, Case No. 09-cv-00937-IEG-JMA, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) ("Here, AmNet's alleged misconduct was directed at collecting its own debt, therefore, the FDCPA does not apply.").

The complaint also asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 7 at 2.) To establish diversity jurisdiction, the amount in controversy must exceed $75,000 and must be between citizens of different states. 28 U.S.C. § 1332(a). To determine the state of citizenship of a limited liability company for purposes of diversity jurisdiction, the citizenship of each individual member of the limited liability company must be identified. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A] [limited liability corporation] is a citizen of every state of which its owners/members are citizens.").

At present, the complaint fails to establish diversity jurisdiction. First, while the complaint states "the amount in controversy exceeds $75,000" (Dkt. No. 7 at 2), the complaint does not state Plaintiff in fact seeks damages exceeding $75,000. Second, the citizenship of *each*

ORDER DISMISSING COMPLAINT (DKT. NO. 7) - 4

defendant, including the individual members of Superior, is not identified.[2] As presently written, the complaint fails to establish diversity jurisdiction.

Where "the district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over" remaining state law claims. 28 U.S.C. § 1367(c)(3). The Court does so here.

Accordingly, the Court DISMISSES Plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff is granted leave to amend his complaint to attempt to cure the deficiencies identified herein. Any amended complaint shall be filed no later than **August 10, 2026**. If an amended complaint is not filed by August 10, 2026, this case will be closed.

The Clerk is directed to calendar this event.

Dated this 9th day of July, 2026.

David G. Estudillo
United States District Judge

---

[2] Plaintiff also seeks to pursue claims against unknown employees of Reserve at Columbia Tech Apartments. If those employees are eventually brought into this litigation and one of them is a citizen of Washington, diversity jurisdiction will be relinquished.

ORDER DISMISSING COMPLAINT (DKT. NO. 7) - 5